(No. 15626.—Judgment affirmed.)

DENNEY & Co., Appellant, *vs.* THE OREGON SHORT LINE
RAILROAD COMPANY, Appellee.

*Opinion filed December 19, 1923.*

CARRIERS—*action for overcharges on interstate freight is lim-
ited to two years.* Under sections 9 and 16 of the Federal act to
regulate interstate commerce an action by the shipper to recover
overcharges paid on interstate freight shipments must be com-
menced within two years after the cause of action accrues.

APPEAL from the Municipal Court of Chicago; the Hon.
ROBERT E. GENTZEL, Judge, presiding.

BLUM, BLUM & DELANEY, (J. V. DELANEY, of coun-
sel,) for appellant.

JOHN A. SHEEAN, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of
the court:

Denney & Co., a corporation, brought suit in the munici-
pal court of Chicago on March 29, 1923, to recover $539.26
for overcharges of freight, charged by the Oregon Short
Line Railroad Company and paid by plaintiff. The freight
charges paid by plaintiff were alleged to have been $539.26
more than plaintiff should have paid under the existing tar-
iff filed by defendant and approved by the Interstate Com-
merce Commission. The alleged overcharges cover three
shipments of fruit over the lines of defendant and connect-
ing lines from Payette, Idaho, to Chicago. All three ship-
ments were made September 23, 1920, and were delivered
to plaintiff in October, 1920. The statement of claim al-
leged defendant charged over and above the lawful rate
prescribed by its tariff, on one shipment $100.94, on another
$212.18, and on the other $226.14, making a total over-

310—20

charge of $539.26. Defendant moved the court to strike plaintiff's statement of claim from the files on the ground that "it appears from the record and from the face of said pleading that each of the causes of action embraced therein accrued more than two years prior to the date of the filing of the suit, and the action on each of said claims is now barred under the provisions of sections 9 and 16 of the Federal act to regulate commerce, which control a situation of this character and contemplate the barring of a suit of this kind after the expiration of two years from the accrual of the cause of action upon which the same is based." The court allowed the motion and dismissed the suit. Plaintiff has prosecuted this appeal direct to this court on the ground that a constitutional question is involved.

Section 9 of the Federal act to regulate interstate commerce, so far as here pertinent, is: "That any person or persons claiming to be damaged by any common carrier subject to the provisions of this act may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of damages for which the common carrier may be liable under the provisions of this act, in any district or circuit court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of the said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt." Section 16 of the act in force March 1, 1920, and at the time the shipments were made, provided: "All actions at law by carriers subject to this act for recovery of their charges or any part thereof shall be begun within three years from the time the cause of action accrues, and not after. All complaints for recovery of damages shall be filed with the commission within two years from the time the cause of action accrues, and not after, unless the carrier, after the expiration of such two years or within ninety days before such expiration, begins

an action for the recovery of charges in respect to the same
service, in which case such period of two years shall be
extended to and including ninety days from the time such
action by the carrier is begun.   In either case the cause of
action in respect of a shipment of property shall for the
purposes of this action be deemed to accrue upon delivery
or tender of delivery thereof by the carrier, and not after.
A petition for the enforcement of an order for the payment
of money shall be filed in the district court or the State
court within one year from the date of the order, and not
after."

It will be seen that section 9 gave a person damaged by
a carrier subject to the act, the right to make complaint
before the Interstate Commerce Commission or to bring
suit against the carrier, but the party claiming damages
must elect which remedy he will pursue and cannot pursue
both.   That section does not fix any limit to the time within
which the complaint must be made before the commission
or the suit brought.   Section 16 provides that all actions
by carriers subject to the act, to recover their charges, shall
be begun within three years after the cause of action ac-
crues.   That section does not expressly mention an action
by the shipper to recover overcharges paid, but does pro-
vide that all complaints for the recovery of damages shall
be filed with the commission within two years after the
cause of action accrues.

Plaintiff contends that Congress has not legislated on
the limit of time within which the shipper must sue for an
overcharge and that question is to be determined accord-
ing to the State statute; that the decision of the trial court,
in effect, holds the Statute of Limitations of this State to
be unconstitutional and deprives plaintiff of a remedy with-
out giving it a substitute in the form of another remedy
and denies plaintiff due process of law guaranteed by the
Federal and State constitutions; that to sustain the deci-
sion of the trial court is a discrimination against the ship-

per in favor of the carrier, in that the carrier is given three years in which to bring an action for its charges and the shipper is given only two years to bring an action for overcharges.

The trial court based its action in dismissing the case on *Kansas City Southern Railway Co.* v. *Wolf,* 43 Sup. Ct. Reporter, 259, decided by the Supreme Court of the United States on February 19, 1923. In that case the action was brought to recover from the railroad company freight charges paid by the plaintiff in excess of the published tariff rates upon an interstate shipment of strawberries. The defendant demurred on the ground that the declaration showed on its face that the cause of action accrued more than two years before the suit was begun. The district court overruled the demurrer and the decision was approved by the circuit court of appeals. The Supreme Court quoted sections 9 and 16, held the lapse of time had destroyed any liability of the carrier to the shipper, held the demurrer should have been sustained, and reversed the judgment. As we understand the plain language of that decision, the Supreme Court of the United States held that Congress had legislated on the question of limitation of the time within which a shipper may bring an action at law against a carrier subject to the act, for charges paid in excess of the published tariff rates; that the time to bring such action is limited to two years, and if the action is not begun within two years after it accrues any liability is destroyed. It is true, the opinion does not in terms say Congress had legislated on the question and fixed the limit of time at two years, but the conclusion of the court could not have been reached if that had not been true, and we must accept the decision as being based on those premises. Whatever view we might have taken in the absence of a decision of the United States Supreme Court, we cannot ignore the decision of the highest court in the land interpreting and applying a Federal statute. It would therefore seem unnecessary, if not im-

proper, for us to discuss the constitutional questions raised
by the assignment of errors and argued in plaintiff's brief.
The judgment is affirmed.          *Judgment affirmed.*

---

(No. 15608.—Reversed and remanded.)
FRED METHENY *et al.* Appellants, *vs.* A. W. PICKEL,
Appellee.

*Opinion filed December 19, 1923.*